Todd *v.* Grayson.

Opinion delivered April 6, 1925.

1. Deeds—consideration.—The cancellation and extinguishment, by a vendor under contract of sale, of the debt evidenced by the vendee's notes and contract constituted a sufficient consideration for the execution of a quitclaim deed by the vendee to the vendor.

2. Vendor and purchaser—vendor's right to extinguish purchaser's equity.—A vendor who has contracted to sell lands,

on the purchaser's default, has the right to extinguish the vendee's equity in the land, either by foreclosure or by purchase, if the transaction is free from fraud or misrepresentation.

Appeal from Ouachita Chancery Court, Second Division; *George M. LeCroy,* Chancellor; affirmed.

*Saye & Saye,* for appellant.

*Gaughan & Sifford,* for appellee. .

McCULLOCH, C. J.    This is an action instituted by appellant, Shelby Todd, against appellee, C. W. Grayson, to cancel a quitclaim deed executed to appellee covering a tract of land in Ouachita County, containing 120 acres. The grounds of attack on the conveyance are that it was executed without consideration and that its execution was induced by false representations and threats.

The land in controversy was originally owned by appellee, and on October 26, 1918, he entered into a written contract with appellant Todd whereby he agreed to sell and convey the land to the latter for the sum and price of $1,800, payable $200 on December 1, 1918, and the remainder in three equal installments on the first day of December, 1919, 1920, and 1921, with interest at the rate of ten per cent. per annum from date until paid. Appellant took possession of the land under his contract and occupied it during the year 1919, but failed to pay any part of the agreed price, and, on December 1, 1919, the parties entered into a new contract in writing, superseding the former one, whereby appellee agreed to sell and convey the land to appellant for the sum and price of $1,960, payable $600 in cash and the remainder in two equal annual payments, with interest. The two deferred payments were evidenced by promissory notes executed by appellant to appellee, bearing interest.

On December 11, 1922, appellant, with his wife joining, executed the quitclaim deed in question, conveying all of his interest in the land to appellee.

Appellant alleged in his complaint, and testified on the witness stand, that he remained in possession of the land from the time the first contract was executed

to him by appellee up to the date of the quitclaim deed, but that he paid rent to appellee during the year 1922, after appellee had attached his crop. He testified that appellee extended the time for the payment of the notes, but later induced him to execute the deed in question by telling him that, unless the deed was executed, he would bring suit in the chancery court to foreclose the lien, and that the court, in addition to compelling appellant to make the deed reconveying the land, would impose a fine on him and his wife of seventy-five dollars.

Appellee denied that there was any failure of consideration in the deed or that he made any false representations or any threats. He testified that appellant was unable to make any payments on the land, and gave it up and rented the land for the years 1921 and 1922, and and that, upon bare request, he executed the quitclaim deed. Appellee denied that he represented to appellant that the chancery court could or would impose a fine for failure to execute the deed.

The cancellation and extinguishment of the debt evidenced by appellant's notes and contract constituted a sufficient consideration for the execution of the deed, therefore it is easy to dispose of appellant's contention that the deed was executed without consideration.

Conceding that the alleged representation concerning what the chancery court would do in the way of imposing a fine constituted such a misrepresentation or threat as would justify the cancellation of the deed, there is a conflict in the testimony on that issue, and we are of the opinion that the finding of the chancellor is supported by the weight of the evidence. Appellee, and also the attorney who prepared the deed and took the acknowledgment, testified that there was no such misrepresentation made to appellant, and there was other testimony in corroboration. Appellant testified that he was induced by the statement of appellee to execute the deed of conveyance, but it is undisputed that, when he executed the deed in the office of the attorney, he was accompanied by a friend and adviser, who told him to execute the deed, since he

was unable to pay the purchase price and therefore had no interest in the land.

After careful consideration of the testimony, we are of the opinion that the case contains no element of misrepresentation or fraud.

Appellee had the right to extinguish appellant's equity in the land either by foreclosure or by purchase, if the transaction was free from fraud or misrepresentation (*Bazemore* v. *Mullins,* 52 Ark. 207) ; and, as before stated, the evidence does not warrant the belief that appellant was induced by any fraud to execute the conveyance.

Affirmed.